FILED 27 JUL '11 15:41 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH DUANE CHAPPUE,

        Petitioner,        Civil No. 10-1533-AA

       v.                        ORDER

BOARD OF PAROLE,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the physical custody of the Nevada Department of Corrections serving a sentence imposed by the State of Nevada. He is also in the custody of the State of Oregon Department of Corrections pursuant to a judgment from the Deshutes County Circuit Court after convictions for Robbery in the First Degree, Burglary in the First Degree, Coercion, and Unlawful Use of a Weapon. Exhibit 101. The trial court sentenced petitioner to a total of 90 months of imprisonment and his earliest release date from the ODOC sentences is February 3, 2018. Id.

    Petitioner was released onto 36 months of post-prison

1 - ORDER

supervision September 19, 2007 (Exhibit 103, p. 100), following the completion of the physical custody portion of sentences imposed in Lake, Deschutes, and Klamath Counties in 2004 after convictions for three counts of Burglary in the First Degree, one count of Burglary in the Second Degree, one count of Theft in the First Degree, one count of Felon in possession of a Weapon, and three counts of Unlawful Use of a vehicle. Exhibit 101.

Petitioner does not attack his convictions in this proceeding. Rather he challenges a condition of post-prison supervision imposed by the Board of Parole and Post-Prison Supervision. Special Condition #11 states that petitioner shall have no contact with his wife without prior written consent of the supervising officer. Exhibit 103, p. 84 - 87.[1]

Respondent move to deny petitioner's petition on the grounds that (1) the first two grounds for relief do not raise a federal claim and are not cognizable on habeas corpus; (2) all three grounds alleged in petitioner's petition were not raised in petitioner's request for administrative review and are procedurally defaulted, and (3) petitioner's claims are moot because he is no longer on post-prison supervision.

All three of respondent's arguments are supported by the record before the court. However, it is not necessary to

---

[1] Although it is irrelevant to the issues before the court, I note that based on the record before the court, Special Condition #11 is a reasonable and appropriate condition of release under the circumstances of petitioner's case. See, Exhibit 103 p. 101.

2 - ORDER

address the lack of a federal claim and procedural default arguments.

The board action challenged by petitioner had to do with the conditions of petitioner's supervision on release. Petitioner is no longer on post-prison supervision or subject to those conditions. Accordingly, his claims are moot.

A petition for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. § 2254(a). Petitioner is not "in custody" pursuant to the challenged conditions of post-prison supervision.

Petitioner's Petition (#1) is denied for failure to state a claim and as moot. This proceeding is dismissed.

IT IS SO ORDERED.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 27 day of July, 2011.

                                           /s/ Ann Aiken
                                           Ann Aiken
                                           United State District Judge